## FRANK F. HARDING

### *v.*

## AMY B. ZIMMERMANN.

---

San Juan, Equity, No. 831.

1. General statutes with relation to their jurisdiction must always give way to special statutes which have particular application to specified courts created by the United States.

2. Where the word "jurisdiction" is used in a statute without limitation of "concurrent," or "original," or "appellate," or "territorial," or any other word of limitation, it must be held to include all jurisdiction.

3. Jurisdiction is the right to adjudicate concerning the subject-matter in a given case; and to constitute this it is essential that the courts

have cognizance of the class of cases to which theone to be adjudicated belongs, that the proper parties be present, and that the point decided upon be, in substance and effect, within the issue.

Opinion filed October 10, 1911.

Messrs. *Willis Sweet* and *H. H. Scoville* for complainant.

Mr. *N. B. K. Pettingill* for respondent.

CHARLTON, Judge, delivered the following opinion:

Courts of the United States are the creatures of legislation, and not of the Constitution of the United States. Whatever their plenary powers may be under the common law, they have also designated limited powers conferred upon them by the acts of the Congress of the United States. General statutes with relation to their jurisdiction must always give way to special statutes which have particular application to specified courts created by the United States. Familiar examples of such limitation are the court of commerce and the court of customs, recently erected, the court of claims, the various territorial courts of the United States, and, in the manner anomalous, the United States district court for the district of Porto Rico.

Under § 14 of the act of Congress approved April 12, 1900, all laws of the United States not locally inapplicable were made applicable to the jurisdiction of Porto Rico and to the sovereign entity thereby created. That being so, the judiciary acts of the United States, beginning with that of 1789 and down to and including the act of August 13, 1888, apply as to the jurisdic-

tion of a court created by § 34 of the act of April 12, 1900. That jurisdiction was then coterminous and equal with the jurisdiction of any district or circuit court of the United States, and remained so until by action of Congress that jurisdiction was enlarged and modified by the enactment of the act of March 2, 1901. Under the terms of that act and its phraseology, jurisdiction in civil cases was dealt with without any limitation or modification as to the place of their origin, but with enlargement as to the classes of persons to whom the court should be open to access; and when the word "jurisdiction" is used without limitation of "concurrent," or "original," or "appellate," or "territorial," or any other word of limitation, it must be held to include all jurisdiction.

"Jurisdiction" is so variously defined that, to avoid looseness, it will be valuable to go back to the source of all exact definition in regard to matters of law, and the only real source of exact definition which is open to us,—Blackstone's Commentaries. It is defined as "the right to adjudicate concerning the subject-matter in the given case. To constitute this there are three essentials: First, the court must have cognizance of the class of cases to which the one to be adjudicated belongs." And in this case it certainly did. "Second, the proper parties must be present." The proper parties are present from the fact that § 3 of the act of March 2, 1901, embraced parties such as the parties here in this case. "And, third, the point decided upon must be, in substance and effect, within the issue." That has not been reached.

Upon the reasoning foregoing, and the authority contained by inference in the case of Garrozi v. Dastas, 204 U. S. 64, 51 L. ed. 369, 27 Sup. Ct. Rep. 224, the motion to remand is denied.